UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN MICHAEL MCKINSEY, SR., | Case No. 1:24-cv-00113-HBK |
| Plaintiff, | ORDER REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY[1] |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (Doc. Nos. 20, 24) |
| Defendant. | |

Bryan Michael McKinsey, Sr. ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability insurance benefits under the Social Security Act. (Doc. No. 1). The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 20, 24). For the reasons stated, the Court orders this matter remanded for further administrative proceedings.

## I. JURISDICTION

Plaintiff protectively filed for disability insurance benefits on October 16, 2018, alleging

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 13).

an onset date of March 16, 2016.[2] (AR 340-46). Benefits were denied initially (AR 152-63, 179-83), and upon reconsideration (AR 164-75, 185-90). Plaintiff appeared at multiple hearings before an Administrative Law Judge ("ALJ") on November 26, 2019, August 6, 2020, and January 12, 2022. (AR 32-109). Plaintiff was represented by counsel and testified at all of the hearings. (*Id.*). On October 26, 2022, the ALJ issued an unfavorable decision (AR 16-31), and September 28, 2023 the Appeals Council denied review (AR 5-10). The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## II. BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 62 years old at the time of the first and second hearings. (AR 72, 91). He completed twelfth grade and was in special education classes. (AR 39, 72, 91-92). He lives with his brother. (AR 41, 75, 102). Plaintiff has work history as a car wash attendant, sales clerk, and warehouse laborer. (AR 56-57). Plaintiff testified that he is unable to work because he loses his balance when he stands in one place for more than 30 minutes. (AR 96-97). He reported he has some depression and anxiety; has trouble with focus, concentration, understanding, and comprehension; has memory problems; and has tinnitus and vertigo. (AR 46, 100-02). He has been diagnosed with Asperger's syndrome, and testified it affects him because he gets "mad and upset." (AR 46).

## III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial

---

[2] Plaintiff also filed an application for supplemental security income on September 4, 2020. (AR 373-94). However, as noted by the ALJ, "this application was not processed (no determination) because his retirement benefits began in November 2019." (AR 19, emphasis omitted).

evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.     FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must

find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.   ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 16, 2016, the alleged onset date. (AR 22). At step two, the ALJ found Plaintiff has the following severe impairments: vertigo; tinnitus; Asperger's syndrome; mild cognitive disorder. (AR 22). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 22). The ALJ then found that Plaintiff has the RFC to

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that he can occasionally climb stairs and ramps, balance, stoop, kneel, crouch and crawl. He can never climb ladders, ropes or scaffolds. He must avoid all exposure hazards such as moving machinery unprotected heights. The claimant is able to understand remember carry out simple job instructions and have occasional contact with the public.

(AR 25). At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 29). At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including patient transporter, dining room attendant, and hand packager. (AR 30). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, at any time from March 16, 2016, through the date of the decision. (AR 30).

## VI.   ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability

insurance benefits under Title II of the Social Security Act. (Doc. No. 1). Plaintiff raises the following issues for this Court's review:

1. Whether the RFC was supported by substantial evidence in light of the ALJ's consideration of the medical opinion of Kathy Stinson, M.D.; and

2. Whether the ALJ properly considered Plaintiff's testimony regarding his physical symptom claims.

(Doc. No. 20 at 5-13).

## VII.   DISCUSSION

### A. RFC/Medical Opinion

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability and consistency are explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must still provide an explanation supported by substantial evidence. *Id.* at 792. This means that the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Id*. (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Plaintiff argues the ALJ failed to properly evaluate the medical opinion of Plaintiff's treating provider Kathy Stinson, M.D. (Doc. No. 20 at 5-10). In February 2016, Dr. Stinson completed a medical source statement and opined that Plaintiff was incapable of even low stress jobs; during a typical workday Plaintiff's experience of symptoms would frequently interfere with attention and concentration to perform even simple tasks; and he was likely to miss more than four days per month as a result of his impairments or treatment. (AR 1301). The ALJ did not find Dr. Stinson's opinion persuasive. (AR 28).

7

As to the supportability factor, Defendant argues the ALJ properly found Dr. Stinson's opinion unpersuasive because it was "based on an October 2015 examination." (Doc. No. 24 at 4). However, a plain reading of the decision confirms that the ALJ merely noted that Plaintiff "was diagnosed with Asperger's syndrome based on an October 2015 examination" (AR 28) without making any specific findings as to whether that examination supported the limitations opined by Dr. Stinson. The Court is not permitted to consider this reasoning as it was not offered by the ALJ in the decision as a reason to discount Plaintiff's symptom claims. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (the Court "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

Regardless, as noted by Plaintiff, "[t]he agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2)." *Woods*, 32 F.4th at 792; *see also Hiten v. Kijakazi*, 2023 WL 5806452, at *5-6 (E.D. Cal. Sept. 7, 2023) (collecting cases noting the ALJ must explain how both supportability and consistency factors were considered in determining the persuasiveness of an opinion). More specifically, when evaluating supportability under the new regulations, "the more relevant the objective medical evidence and supporting explanations *presented by a medical source* are to support" the medical opinion, the more persuasive the medical opinion will be. 20 C.F.R. § 416.920c(c)(1) (emphasis added). Here, the ALJ entirely fails to consider the extent to which any objective evidence and explanations presented *by* Dr. Stinson support her opinion as required when considering the supportability factor.

As to the consistency factor, the ALJ found, without citation or reference to the record, that Dr. Stinson's opinion that Plaintiff would likely miss more than four days per month of work and was incapable of even low stress work was inconsistent with (1) Plaintiff's "limited and conservative treatment"; (2) Plaintiff's "long and steady history of work"; (3) lack of "stress related limitations in the treatment record"; and (4) "other mental functioning opinions of record." (AR 28). First, as argued by Plaintiff, the ALJ "offered no evidence that supported her finding

8

that Plaintiff's treatment was so conservative it was inconsistent with Dr. Stinson's opinion." (Doc. No. 20 at 9). Second, Plaintiff argues his work history is not inconsistent with Dr. Stinson's opinion because both of his last jobs were part-time, he was fired from one of the jobs for not performing a regularly scheduled task, and he was only a trainee in the other job obtained through a program that provides work-based job training for low-income unemployed seniors. (Doc. No. 20 at 9-10 (citing AR 73-74, 92-93, 405)). Defendant responds that the ALJ properly relied on Plaintiff's work history as inconsistent with Dr. Stinson's finding that Plaintiff would be absent more than four days per month and was incapable of even low stress work. (Doc. No. 24 at 4 (citing records that Plaintiff earned more than $20,000 each year from 2004 through 2007)); *see Ford v. Saul*, 950 3d. 1441, 1156 (9th Cir. 2020) ("An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled.").

As an initial matter, the Court is precluded from considering reasoning as to Plaintiff's work history not specifically offered by the ALJ in discounting Plaintiff's symptom claims. *See Bray.*, 554 F.3d at 1226. Moreover, as above, when considering the medical opinion evidence, the ALJ must do more than state a conclusion; rather, the ALJ must "set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 ("This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."); *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (a court "cannot substitute [the court's] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."). The Ninth Circuit further clarified that under the new regulations for considering medical evidence, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how [it] considered the supportability and consistency factors' in reaching these findings." *Woods*, 32 F.4th at 792 (internal citations omitted). Here, the ALJ fails to

reference any specific objective, clinical, or work history related evidence from the record that is inconsistent with the precise limitations opined by Dr. Stinson, nor does the ALJ offer any explanation as to how any of the opined limitations, including inability to handle even low stress work, frequent interference with attention and concentration to perform even simple tasks, and likelihood to more than four days per month, are inconsistent with the treatment record during the relevant adjudicatory period or Plaintiff's work history.

Finally, the ALJ found Dr. Stinson's opinion was inconsistent with the opinions of David Richwerger, Ed.D. and Rita Clark, M.D. that Plaintiff "was capable able [sic] to understand remember carry out [sic] simple job instructions and have occasional contact with the public. (AR 28, 876-85 (Dr. Clark's response to medical interrogatories in January 2020), 1094-106 (Dr. Richwerger consultative examination in April 2021)). Plaintiff argues these opinions are "minimally relevant to Dr. Stinson's opinion or to whether Plaintiff was disabled in 2016" because the state agency physicians did not consider Dr. Stinson's opinion as part of their record review. (Doc. No. 20 at 10). This argument is inapposite. Under the revised regulations the ALJ is directed to consider the consistency of an opinion with evidence from other medical and nonmedical sources in the claim in order to determine the persuasiveness of the opinion. *See* 20 C.F.R. §§ 404.1520c(c)(2). As noted by Defendant, whether a medical source considered the opinion of another medical source "need not influence an ALJ's consistency analysis." (Doc. No. 24 at 5). Regardless, while it was reasonable for the ALJ to note inconsistency between Dr. Stinson's opinion and evidence from other medical sources in the record, in light of the lack of substantial evidence in support of the overall consistency factor analysis, and the need to consider the supportability of Dr. Stinson's opinion pursuant to the revised regulations, as discussed in detail above, the ALJ must reconsider Dr. Stinson's opinion on remand.

Based on the foregoing, the ALJ's finding that Dr. Stinson's opinion was not persuasive is not supported by substantial evidence. On remand, the ALJ should reconsider Dr. Stinson's medical opinion, along with all relevant medical opinion evidence.

////

////

**B. Additional Assignments of Error**

Plaintiff also argues the "ALJ's finding that Plaintiff was able to perform a range of medium work is based on insubstantial evidence and legal error" because she gave no reasons for rejecting Plaintiff's testimony regarding his physical limitations. (Doc. No. 20 at 11-13). In light of the finding, discussed in detail *supra*, that the RFC needs to be reassessed due to improper consideration of the medical opinion evidence under the new regulations, the Court declines to address this challenge in detail here. On remand, the ALJ is instructed to reconsider the medical opinion evidence and conduct a new sequential analysis, including a reassessment of Plaintiff's symptom claims, and the step five findings if necessary.

Finally, Plaintiff generally argues that the ALJ *de facto* reopened his previous claim for Title II benefits by finding he was not disabled "going back to alleged onset date of March 16, 2016." (Doc. No. 20 at 6-7); *see Lester v. Chater*, 81 F.3d 821, 827 n.3 (9th Cir. 1985) ("where the Commissioner considers 'on the merits' the issue of the claimant's disability during the already-adjudicated period … a de facto reopening occurs" and "the Commissioner's decision as to the prior period is subject to judicial review."). However, "[t]he Court need not discuss whether ALJ *de facto* reopened the determinations on Plaintiff's prior applications for SSI and DIB to reach its analysis and conclusion on remand, and therefore declines to do so." *See Terri T. v. Comm'r*, 2021 WL 794782, at *9 n.9 (D. Or. Mar. 2, 2021), *aff'd Tye v. Kijakazi*, 2022 WL 17592429, at *2 (9th Cir. 2022) (declining to disrupt district court's determination that resolution of whether the ALJ *de facto* opened plaintiff's previous claim was unnecessary in light of the decision to remand for further proceedings).

**C. Remedy**

Plaintiff asks the Court to remand for an immediate award of benefits. (Doc. No. 20 at 13). The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the

delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered Plaintiff's the medical opinion evidence, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. On remand, the ALJ should reevaluate all relevant medical evidence, including medical opinions, as well as Plaintiff's symptom claims during the relevant adjudicatory period. The ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts. The ALJ should conduct a new sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 20) is GRANTED.
2. Defendant's Cross Motion for Summary Judgment (Doc. No. 24) is DENIED.
3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of Social Security for further proceedings consistent with this Order.
4. An application for attorney fees may be filed by separate motion within thirty (30)

days.

5. The Clerk shall enter judgment in favor of Plaintiff, terminate any motions and deadlines, and close this case.

Dated:    March 17, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE